IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
DUSTIN M.J. VAUPEL,                 )
AIMEE D. VAUPEL,                    )    Bankruptcy No. 06-00124
                                    )
    Debtors.                        )

**ORDER RE AGREED JOINT STIPULATION BETWEEN DEBTOR
DUSTIN M.J. VAUPEL AND COLLINS COMMUNITY CREDIT UNION**

On August 21, 2007, the above-captioned file is presented to the Court for action on a document filed in this case titled "Agreed Joint Stipulation and Order Between Debtor Dustin M.J. Vaupel and Collins Community Credit Union." This document asks the Court to approve an agreement between Debtor and Collins Community Credit Union (Credit Union) involving a Reaffirmation Agreement entered into between Debtor and the Credit Union on May 23, 2007.

Debtors filed a Chapter 13 petition on November 2, 2006. The Chapter 13 case was converted to a Chapter 7 case on April 26, 2007. The Credit Union is a secured creditor holding a security interest in a 1968 Chevrolet Chevelle Malibu. On May 8, 2007, Debtor signed a Reaffirmation Agreement reaffirming a debt to the Credit Union in the amount of $3,397.86. The Credit Union signed the Reaffirmation Agreement on May 4. Counsel for Debtor approved this Reaffirmation Agreement on May 23, 2007. The Reaffirmation Agreement was filed with the Court on May 23, 2007.

The Joint Stipulation was filed on August 20, 2007. It states that Debtor has made no payments under the Reaffirmation Agreement nor has Debtor rescinded the Reaffirmation Agreement. The date for entry of discharge may occur soon if it has not already passed. The parties ask the Court to approve an arrangement whereby Debtor agrees to make payments under the original Reaffirmation Agreement and waives his right to rescind the Reaffirmation Agreement. The Credit Union alleges it has grounds to object to the entry of discharge pursuant to § 523(a)(6). However, the Credit Union agrees not to pursue this action in return for Debtors' promises.

The rights of the parties under a Reaffirmation Agreement are controlled by 11 U.S.C. § 524(c). This provision provides that:

>     (c)    An agreement between a holder of a claim and
> the debtor, the consideration for which, in whole or in
> part, is based on a debt that is dischargeable in a
> case under this title is enforceable only to any extent
> enforceable under applicable nonbankruptcy law, whether
> or not discharge of such debt is waived. . .

11 U.S.C. § 524(c).

The parties to the present agreement are consenting to allow the Court to substantially change rights which are provided under the Bankruptcy Code. Debtor agrees to waive rights which allow rescission of a Reaffirmation Agreement. The consideration for this agreement is based upon the Credit Union's forbearance against filing an objection to discharge. When an enforceable reaffirmation agreement has been executed, the parties' rights concerning the collateral are controlled by applicable nonbankruptcy law. The law of the State of Iowa is the applicable law and the proper forum is the Iowa Courts.

The Credit Union, however, agrees instead that it will not enforce its rights but instead will forbear filing a dischargeability complaint under § 523(a)(6) if Debtor agrees to pay. If the Credit Union has a basis for such a complaint, it should file it, if appropriate. To use this allegation as leverage to seek compliance with the Reaffirmation Agreement strikes this Court as questionable. The Credit Union can file its discharge complaint and it can enforce its rights in State court. To use one to leverage enforcement of the other is not an agreement to which this Court wishes to be a party.

In all candor, the Court is not sure that it understands what the parties hope to achieve. However, several observations appear appropriate. First, the parties are asking the Court to give recognition to a Reaffirmation Agreement which would never have been approved by this Court. Debtor and his wife claimed two vehicles as exempt. The 1968 Chevy is neither of those vehicles. It appears to this Court to be a luxury item which debtors emerging from Chapter 7 do not need. Second, the parties are asking the Court to modify their rights by providing an alternative set of rights. Debtors have signed the Reaffirmation Agreement and bound themselves to a new obligation. If they fail to perform, as they apparently have, the Credit Union has the right to proceed in State court against the collateral.

Finally, while not strictly an issue in this agreement, the Court feels it necessary to comment about the approval of the Reaffirmation Agreement by counsel. Counsel who sign a

reaffirmation agreement assume a difficult burden. They must evaluate whether the agreement is in the best interests of their clients. Counsel who sign reaffirmation agreements which approve luxury items or items which debtors cannot afford are doing a disservice to the clients as well as ignoring the responsibility which is placed upon them. If counsel are unwilling to assume this responsibility, they should decline to sign all reaffirmation agreements at which point the responsibility for evaluating proposed reaffirmation agreements reverts to the Court. Counsel cannot satisfy their obligations by signing reaffirmation agreements simply because their clients ask them. See In re Vargas, 257 B.R. 157, 165-66 (Bankr. D.N.J. 2001).

In summary, this Court can find no compelling reason to approve this "Stipulation". The Court notes that the parties have apparently made alternative agreements anticipating that this Court might refuse to approve the underlying Stipulation. The Court expressly states that it is not agreeing to any matters contained in this Stipulation and denial of the underlying Stipulation is not approval of any alternative action. Rejection of this Stipulation is a denial of the Stipulation in its entirety.

**WHEREFORE**, for the reasons set forth herein, the Court finds no compelling reason to approve the Stipulation presented to it by Debtor Dustin Vaupel and Collins Community Credit Union.

**FURTHER**, the Agreed Joint Stipulation and Order Between Debtor Dustin M.J. Vaupel and Collins Community Credit Union is DENIED in its entirety.

Dated and Entered:

August 28, 2007

Paul J. Kilburg
U.S. Bankruptcy Judge